**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2935-16T2

HSBC BANK U.S., NATIONAL
ASSOCIATION as trustee for
WELLS FARGO ASSET SECURITIES
CORPORATION, MORTGAGE ASSET-
BACKED PASS-THROUGH CERTIFICATE
SERIES 2007-AR9,

    Plaintiff-Respondent,

v.

JULIO WEXLER,

    Defendant-Appellant,

and

MRS. JULIO WEXLER, WIFE OF
JULIO WEXLER, WELLS FARGO
BANK, NA; TD BANK, NA, and
RHINA WEXLER,

    Defendants.

_____

        Submitted May 1, 2018 – Decided July 31, 2018

        Before Judges Sumners and Moynihan.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Bergen County, Docket No.
        F-026003-12.

        Julio Wexler, appellant pro se.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief; David G. Murphy, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Julio Wexler appeals a February 3, 2017 order denying his objection to entry of final judgment of foreclosure in favor of HSBC Bank U.S., National Association as trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificate Series 2007-AR9 (HSBC). We affirm.

On September 18, 2007, Wexler executed a mortgage to Wells Fargo Bank, N.A. to secure a promissory note for $716,704 payable to Wells Fargo Bank, N.A. to purchase a home in Edgewater Park. The mortgage was properly recorded.

Due to Wexler's payment default on February 1, 2011, foreclosure proceedings were subsequently initiated on November 9, 2012 by HSBC, which had been assigned the mortgage. After the trial had been adjourned on several occasions at the request of Wexler's counsel, the parties and Chancery Judge Robert P. Contillo executed a consent order entered on December 30, 2013, which provided that the answer filed by Wexler was "deemed non-contesting and that [the] matter shall be transferred to the Foreclosure Unit to proceed as an uncontested foreclosure." The order also stated

that HSBC "shall not apply for Final Judgement prior to expiration of **150** **days** from the date of this Order."

Wexler, no longer represented by counsel, tried to prevent an unfiled motion to enter foreclosure by filing an order to show cause that sought to vacate the consent order; alleging the settlement was entered in bad faith because he was under duress or coerced into signing the order when his additional adjournment request was denied. Judge Contillo denied the request on May 9, 2014, as well as Wexler's motion for reconsideration on September 11, 2014.

Three months later, in accordance with the consent order, HSBC moved for entry of final judgement. Wexler objected, arguing the consent order was signed under psychological and economic pressure. He also challenged HSBC's ability to foreclose, contending: the Notice of Intent to Foreclose was defective and violated the Fair Foreclosure Act of 1995; the promissory note was robo-signed; HSBC was without standing — it failed to show that it had possession of the note at the time the foreclosure complaint was filed, it failed to show that its assignment was authenticated, and the true owner of the note had not been identified; HSBC violated the New Jersey Consumer Fraud Act; and there was improper service of defendant Rhina Wexler.

Judge Contillo denied Wexler's objections with entry of an order and a letter decision on February 3, 2017. The judge stated that Wexler's numerous objections were without merit because under Rule 4:64-1(d)(3),[1] objection to entry of foreclosure is limited solely to the amount due and Wexler failed to contest the amount due with any specificity. The judge further found Wexler did not present any credible evidence to contradict any information contained in HSBC's motion. And, as to allegations of coercion or duress in agreeing to the consent order, the judge indicated he had previously determined that there was no merit to the allegations.[2]

On March 10, Judge Contillo denied Wexler's motion for reconsideration; rejecting challenges, raised for the first time, regarding the amount due as untimely. Entry of an uncontested final judgment of foreclosure and a writ of execution was entered on March 31.

On appeal, Wexler argues:

> POINT I
>
> THE TRIAL COURT COMMITTED A[] HARMLESS ERROR BELOW BECAUSE IT[S] FINDINGS AND CONCLUSIONS WER[E] UNSUPPORTED AND INCONSISTENT WITH THE COMPETENT, RELEVANT, CREDIBLE AND

---

[1] Miscited as Rule 4:64-1(d)(1)(A); paragraph (d) was amended effective September 1, 2014.

[2] Denial of motion was not included in Wexler's Notice of Appeal.

A-2935-16T2

UNCHALLENGED EVIDENCE PRESENTED BY THE DEFENDANT/APPELLANT.

POINT II

THE TRIAL COURT COMMITTED A[] HARMLESS ERROR BELOW BECAUSE IT[S] FINDINGS AND CONCLUSIONS WER[E] UNSUPPORTED AND INCONSISTENT WITH THE COMPETENT, RELEVANT, CREDIBLE AND UNCHALLENGED EVIDENCE PRESENTED BY THE DEFENDANT/APPELLANT AND APPROVED A CONSENT ORDER MADE IN BAD FAITH TO COVER UP PLAINTIFF'S VIOLATIONS OF CASE LAW, RULES AND STATUTES.

POINT III

THE TRIAL COURT COMMITTED A[] HARMLESS ERROR BELOW BECAUSE IT[S] FINDINGS AND CONCLUSIONS WER[E] UNSUPPORTED AND INCONSISTENT WITH THE COMPETENT, RELEVANT, CREDIBLE AND UNCHALLENGED EVIDENCE PRESENTED BY THE DEFENDANT/APPELLANT AND IMPROPERLY DENIED THE DEFENDANT/APPELLANT TO REPRESENT HIMSELF IN A CIVIL TRIAL.

Considering Wexler's arguments in light of the record and applicable legal principles, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed in Judge Contillo's well-reasoned oral decision. We further add that Wexler's arguments that were not raised before the judge will not be considered on appeal because they do not involve jurisdictional or public interest concerns. Zaman v.

Felton, 219 N.J. 199, 226-27 (2014) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2935-16T2